Shirley Berlinda Rose
Texas Bar No. 24137167
**Scheef & Stone, LLP**
2600 Network Blvd,
Suite 400
Frisco, Texas 75034
Telephone: (214) 472-2100
Fax: (214) 472-2150
Email: shirley.rose@solidcounsel.com

COUNSEL FOR DEFENDANT FREEDOM DEBT RELIEF, LLC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**PLANO DIVISION**

| | | |
|---|---|---|
| **ADEAN HILL, JR.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 4:26CV554 ALM/BD** |
| | § | |
| **AMERICAN ONE FINANCIAL INC,** | § | |
| a California Corporation, **FREEDOM** | § | |
| **DEBT RELIEF LLC,** a Delaware Limited | § | |
| Liability Company, **and MCCARTHY** | § | |
| **LAW PLC,** an Arizona Professional | § | |
| Limited Liability Company | § | |
| | § | |
| **Defendants.** | § | |

# DEFENDANT FREEDOM DEBT RELIEF LLC'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT AND INCORPORATED BRIEF IN SUPPORT

**TABLE OF CONTENTS**


I. INTRODUCTION ........ 1

II. CASE BACKGROUND ........ 4

A. Procedural History ........ 4

B. Factual Allegations in the FAC ........ 5

III. APPLICABLE LEGAL STANDARDS ........ 8

A. Fed. R. Civ. P. 8: Federal Pleading Standards ("Shotgun" Pleadings) ........ 8

B. Fed. R. Civ. P. 12(b)(6): Failure to State a Claim ........ 8

C. Fed. R. Civ. P. 12(b)(1): Lack of Subject Matter Jurisdiction / Article III Standing ........ 9

D. Fed. R. Civ. P. 12(f): Striking Improper Material ........ 10

IV. ARGUMENT ........ 10

A. Plaintiff's Improper "Shotgun" Pleading Should Be Dismissed Under Rule 8 ........ 10

B. Counts I and II Should Be Dismissed Under Rule 12(b)(6) Because Plaintiff Fails to Plausibly Allege Any Theory of Liability Against Freedom. ........ 12

C. Counts I, II, and V Should Be Dismissed As Against Freedom Under Rule 12(b)(6) Because They Fail to State Claims Upon Which Relief Can Be Granted. ........ 18

1. The FAC Fails to State a Claim for Relief for a Violation of the Artificial/Prerecorded Voice Provision of the TCPA, and Count I Should Be Dismissed. ........ 18

2. The FAC Also Fails to State a Claim for Relief Under the TGC, so Count V Should Be Dismissed. ........ 20

D. The FAC Should Also Be Dismissed Against Freedom Under Rule 12(b)(1) Because Plaintiff Lacks Article III Standing to Bring His Claims. ........ 22

E. The FAC Should Be Dismissed Against Freedom With Prejudice. ........ 24

F. Alternatively or in Addition, Plaintiff's Irrelevant Allegations and Unsupported Damages Requests Should Be Stricken. ........ 24

V. CONCLUSION ........ 26

## TABLE OF AUTHORITIES

### CASES

*Aaronson v. CHW Grp., Inc.*,
2019 WL 8953349 (E.D. Va. Apr. 15, 2019) ....................13

*Abante Rooter & Plumbing v. Farmers Grp., Inc.*,
2018 WL 288055 (N.D. Cal. Jan. 4, 2018) ....................12

*Aikens v. Synchrony Fin.*,
2015 WL 5818911 (E.D. Mich. July 31, 2015) ....................18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................8, 9, 10, 19

*Barker v. Sunrun Inc.*,
2019 WL 1983291 (D.N.M. Apr. 29, 2019) ....................23

*Bates v. Complete Oil Field Servs., LLC*,
2020 WL 10502725 (W.D. Tex. Aug. 11, 2020) ....................8

*Bauer v. Texas*,
341 F.3d 352 (5th Cir. 2003) ....................23

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................8, 9, 10

*Busbee v. ServiceToday!*,
2024 WL 4428989 (N.D. Tex. Oct. 4, 2024) ....................26

*Callier v. Nat'l United Grp., LLC*,
2022 WL 20046134 (W.D. Tex. Jan. 26, 2022) ....................15

*Canary v. Youngevity Int'l, Inc.*,
2019 WL 1275343 (N.D. Cal. Mar. 20, 2019) ....................25

*Caruso v. Cavalry Portfolio Svcs.*,
2019 WL 4747679 (S.D. Cal. Sept. 30, 2019) ....................19

*Cherkaoui v. Santander Consumer USA, Inc.*,
32 F. Supp. 3d 811 (S.D. Tex. 2014) ....................17, 19

*Cobarobio v. Midland Cty., Tex.*,
2015 WL 13608102 (W.D. Tex. Jan. 7, 2015), *aff'd*, 695 F.App'x 88 (5th Cir. 2017) ....................10

*Crown Life Ins. Co. v. Casteel*,
22 S.W.3d 378 (Tex. 2000) ....................7

*Cunningham v. Daybreak Solar Power, LLC*,
2023 WL 3985245 (N.D. Tex. June 13, 2023) .................... passim

*Cunningham v. Lifestyles Dev., LLC*,
2019 WL 4282039 (E.D. Tex. Aug. 8, 2019), *report & rec. adopted,*
2019 WL 4277507 (E.D. Tex. Sept. 10, 2019) ....................8, 13, 15, 16

*Cunningham v. Matrix Fin. Servs., LLC*,
2021 WL 1233466 (E.D. Tex. Feb. 12, 2021), *report & rec. rejected on other grounds*, 531 F. Supp. 3d 1164 (E.D. Tex. 2021) ....................14

*Cunningham v. Politi*,
2019 WL 2519702 (E.D. Tex. Apr. 26, 2019), *report & rec. adopted,* 2019 WL 2526536 (E.D. Tex. June 19, 2019) .................... passim

*Cunningham v. Radius Glob. Sols., LLC*,
2021 WL 2258743 (E.D. Tex. June 3, 2021)....................17

*Curry v. Synchrony Bank, N.A.*,
2015 WL 7015311 (S.D. Miss. Nov. 12, 2015)....................18

*Ewing v. GoNow Travel Club, LLC*,
2019 WL 3253058 (S.D. Cal. July 19, 2019) ....................11

*Ferrer v. Chevron Corp.*,
484 F.3d 776 (5th Cir. 2007) ....................9

*Frank v. Cannabis & Glass, LLC*,
2019 WL 4855378 (E.D. Wash. Oct. 1, 2019) ....................13

*Franklin v. Apple Inc.*,
569 F. Supp. 3d 465 (E.D. Tex. 2021)....................22

*Freidman v. Massage Envy Franchising, LCC*,
2013 WL 3026641 (S.D. Cal. June 13, 2013)....................23

*Garig v. Travis*,
2021 WL 2708910 (M.D. La. June 30, 2021)....................8

*Harold H. Huggins Realty*, *Inc. v. FNC, Inc.*,
634 F.3d 787 (5th Cir. 2011) ....................9

*Hart v. Bayer Corp.*,
199 F.3d 239 (5th Cir. 2000) ....................24

*Hicks v. Alarm.com*,
2020 WL 9261758 (E.D. Va. Aug. 6, 2020)....................23

*Hill v. Amity One Tax LLC*,
3:25-cv-00510 (N.D. Tex., Feb. 28, 2025) ....................1

*Hill v. Bober L. Firm, PLLC*,
4:25-cv-01066 (E.D. Tex., Sept. 30, 2025)....................1

*Hill v. Debt Freedom Attorneys PLLC*,
4:25-cv-01141, ECF No. 1 (E.D. Tex., Oct. 17, 2025)....................2

*Hill v. Elite Legal Prac. P.C.*,
2:25-cv-04332 (C.D. Cal., May 14, 2025)....................1

*Hill v. Mayer Solar Inc.*,
3:25-cv-00716 (N.D. Tex., Mar. 25, 2025)....................1

*Hill v. Tobias & Assocs.*,
3:25-cv-00307 (N.D. Tex., Feb. 7, 2025) ....................................................................1

*Hill v. TR Accts.*,
3:25-cv-00787 (N.D. Tex., Apr. 1, 2025) ....................................................................1

*Hill, Jr. v. Accendo Ins. Co.*,
4:26-cv-00248 (E.D. Tex., Mar. 11, 2026) ....................................................................1

*Hill, Jr. v. Alpha Home Buyers LLC*,
4:25-cv-00943 (E.D. Tex., Aug. 28, 2025) ....................................................................1

*Hill, Jr. v. Am. Gen. Life Ins. Co.*,
4:26-cv-00025 (E.D. Tex., Jan. 7, 2026) ....................................................................1

*Hill, Jr. v. Am. One Fin. Inc.*,
4:26-cv-00554 (E.D. Tex., May 22, 2026) ....................................................................1

*Hill, Jr. v. B&R Gen. Contracting LLC*,
4:25-cv-01140 (E.D. Tex., Oct. 17, 2025) ....................................................................1

*Hill, Jr. v. Debt Freedom Att'ys PLLC*,
4:25-cv-01141 (E.D. Tex., Oct. 17, 2025) ....................................................................1

*Hill, Jr. v. Eddington L. Firm, LLC*,
4:26-cv-00461 (E.D. Tex., April 30, 2026) ....................................................................1

*Hill, Jr. v. Foresters Fin. Servs., Inc.*,
4:26-cv-00283 (E.D. Tex., Mar. 23, 2026) ....................................................................1

*Hill, Jr. v. FX Ins. Agency, LLC*,
4:26-cv-00274 (E.D. Tex., Mar. 18, 2026) ....................................................................1

*Hill, Jr. v. Gerber Life Agency LLC, 4:25-cv-01189*
(E.D. Tex., Oct. 29, 2025)....................................................................1

*Hill, Jr. v. Gotham Healthcare Servs., LLC*,
4:26-cv-00127 (E.D. Tex., Feb. 3, 2026)....................................................................1

*Hill, Jr. v HCA Healthcare, Inc.*,
4:26-cv-00092 (E.D. Tex., Jan. 24, 2026) ....................................................................1

*Hill, Jr. v. Major League Ins. LLC*,
4:26-cv-00148 (E.D. Tex., Feb. 9, 2026)....................................................................1

*Hill, Jr. v Money Matchmaker Co.*,
4:25-cv-00558 (E.D. Tex., May 27, 2025) ....................................................................1

*Hill, Jr. v. Premier Health Sols., LLC*,
4:25-cv-01448 (E.D. Tex., Dec. 29, 2025) ....................................................................1

*Hill, Jr. v. RGV Venture Cap. LP*,
4:26-cv-00212 (E.D. Tex., Feb. 27, 2026)....................................................................1

*Hill, Jr. v. Trustage Ins. Agency LLC*,
4:26-cv-00157 (E.D. Tex., Feb. 12, 2026)....................................................................1

*Hunsinger v. Dynata LLC*,
2023 WL 2377481 (N.D. Tex. Feb. 7, 2023), *report & rec. adopted*,
2023 WL 2386710 (N.D. Tex. Mar. 4, 2023) ........ 13

*In re Dish Network, LLC*,
2013 WL 1934349, 28 FCC Rcd. 6574 (2013) ........ 13, 14

*Johansen v. Vivant, Inc.*,
2012 WL 6590551 (N.D. Ill. Dec. 18, 2012) ........ 19

*Keller v. Daniels*,
2019 WL 1560496 (N.D. Tex. Jan. 14, 2019), *report & rec. adopted*,
2019 WL 1557168 (N.D. Tex. Apr. 10, 2019) ........ 15

*Lary v. Trinity Physician Fin. & Ins. Servs.*,
780 F.3d 1101 (11th Cir. 2015) ........ 25

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
134 S. Ct. 1377 (2014) ........ 9, 22

*Lopez v. Bronco Mfg.*,
2021 WL 1097332 (E.D. Tex. Feb. 10, 2021) ........ 9

*Lozano v. Collier*,
2026 WL 775939 (E.D. Tex. Feb. 24, 2026) ........ 23

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) ........ 9

*Masters v. Wells Fargo Bank S. Ctr., N.A.*,
2013 WL 3713492 (W.D. Tex. July 11, 2013) ........ 26

*Matthews v. Senior Life Ins. Co.*,
2025 WL 1181789 (E.D. Va. Apr. 22, 2025) ........ 16

*Meeks v. Buffalo Wild Wings, Inc.*,
2018 WL 1524067 (N.D. Cal. Mar. 28, 2018) ........ 16

*Mehr v. Fed'n Internationale de Football Ass'n*,
115 F. Supp. 3d 1035 (N.D. Cal. 2015) ........ 22

*Mendoza v. J.P. Morgan Mortg. N.A.*,
2017 WL 2778250 (S.D. Tex. June 27, 2017) ........ 10

*Nelums v. Mandu Wellness, LLC*,
2023 WL 5607594 (D.N.M. Aug. 30, 2023) ........ 12

*New York Marine & Gen. Ins. Co. v. Hilliard Munoz Gonzales LLP*,
2021 WL 12097843 (S.D. Tex. Mar. 30, 2021) ........ 20

*Nguyen v. Watts*,
605 S.W.3d 761 (Tex. App. 2020) ........ 20, 21

*Pascal v. Agentra, LLC*,
2019 WL 5212961 (N.D. Cal. Oct. 16, 2019) ........ 12

*Pedernales Elec. Cooperative, Inc. v. Hartford Cas. Ins. Co.*,
2012 WL 13033969 (W.D. Tex. July 10, 2012) ........................................................................7

*Pelayo v. Wells Fargo Bank, N.A.*,
2014 WL 3513207 (W.D. Tex. July 14, 2014) ..........................................................................9

*Plotkin v. IP Axess Inc.*,
407 F.3d 690 (5th Cir. 2005) ........................................................................................................9

*Pohl v. Cheatham*,
718 S.W.3d 173 (Tex. 2025)........................................................................................................21

*Rahimian v. Rachel Adriano and Juan Martinez, Inc.*,
2022 WL 798371 (D. Nev. Mar. 16, 2022) ................................................................................18

*Reo v. Caribbean Cruise Line, Inc.*,
No. 1:14-CV-1374, 2016 WL 1109042 (N.D. Ohio Mar. 18, 2016) ......................................19

*Rogers v. Postmates Inc.*,
2020 WL 3869191 (N.D. Cal. July 9, 2020).........................................................................12, 16

*Saragusa v. Countrywide*,
2016 WL 1059004 (E.D. La. Mar. 17, 2016),
*aff'd* 707 F.App'x 797 (5th Cir. 2017).........................................................................................19

*Shabaz v. Polo Ralph Lauren Corp.*,
586 F. Supp. 2d 1205 (C.D. Cal. 2008) .................................................................................10, 24

*Sheski v. Shopify (USA) Inc.*,
2020 WL 2474421 (N.D. Cal. May 13, 2020) ............................................................................13

*Simon v. E. Ky. Welfare Rights Org.*,
426 U.S. 26 (1976).........................................................................................................................22

*Skinner v. Switzer*,
2010 WL 273143 (N.D. Tex. Jan. 20, 2010) .................................................................................7

*Smith v. Am.-Amicable Life Ins. Co. of Texas*,
2022 WL 1003762 (E.D. Pa. Apr. 4, 2022) .................................................................................19

*Smith v. Pro Custom Solar LLC*,
2021 WL 141336 (D.N.J. Jan. 15, 2021) ......................................................................................18

*Sterling v. Securus Techs., Inc.*,
2020 WL 2198095 (D. Conn. May 6, 2020).................................................................................25

*Stringer v. Whitley*,
942 F.3d 715 (5th Cir. 2019) .........................................................................................................23

*Taylor v. Books A Million, Inc.*,
296 F.3d 376 (5th Cir. 2002), *cert denied*, 123 S. Ct. 1287 (2003)............................................8

*TF-Harbor, LLC v. City of Rockwall*,
18 F. Supp. 3d 810 (N.D. Tex. 2014) ...........................................................................................22

*Thompson v. Wells Fargo Bank, N.A.*,
2016 WL 164114 (S.D. Tex. Jan. 14, 2016),
*aff'd* 684 F.App'x 464 (5th Cir. 2017) .......... 18

*Trumper v. GE Capital Retail Bank*,
79 F. Supp. 3d 511 (D.N.J. 2014) .......... 19

*Tuchman v. DSC Commc'ns Corp.*,
14 F.3d 1061 (5th Cir. 1994) .......... 9

*U.S. ex rel. Siemens Bldg. Techs., Inc. v. Grot, Inc.*,
2005 WL 2012263 (E.D. Tex. Aug. 19, 2005) .......... 24

*Wendt v. 24 Hour Fitness USA, Inc.*,
821 F.3d 547 (5th Cir. 2016) .......... 9

*Williams v. Am. Com. Lines, Inc.*,
2020 WL 4574515 (M.D. La. July 23, 2020), *report & rec. adopted*
2020 WL 4572338 (M.D. La. Aug. 7, 2020) .......... 8

*Williams v. Ascension Par. Sch. Bd.*,
2011 WL 2011481 (M.D. La. May 16, 2011) .......... 10

*Williams v. Bienville Orthopaedic Specialists, LLC*,
737 F. Supp. 3d 411 (S.D. Miss. 2024) .......... 23

*Winters v. Quicken Loans Inc.*,
2020 WL 5292002 (D. Ariz. Sept. 4, 2020) .......... 19

*Wise v. Wilmouth*,
2017 WL 3267924 (N.D. Tex. July 3, 2017) .......... 21

*Zytax, Inc. v. Green Plains Renewable Energy, Inc.*,
2010 WL 2219179 (S.D. Tex. May 28, 2010) .......... 10

## STATUTES

28 U.S.C. § 1367(c) .......... 17

47 U.S.C. § 227(b)(1)(A) .......... 2, 3, 7, 26

47 U.S.C. § 227(b)(1)(A)(iii) .......... 18

Tex. Bus. & Com. Code § 301.051(1) .......... 3

Tex. Bus. & Com. Code § 301.053 .......... 3

Tex. Bus. & Com. Code § 302.101 .......... 2, 7

Tex. Bus. & Com. Code § 302.202(1) .......... 2

Tex. Bus. & Com. Code § 305.001, *et seq.* .......... 1

Tex. Bus. & Com. Code § 305.053 .......... 2, 7, 26

Tex. Pen. Code § 38.12(a)(2) .......... 20
Tex. Gov. Code § 82.0651(c) .......... 4, 20, 21, 23

## RULES

Fed. R. Civ. P. 8 .......... 1, 3, 8, 10, 11
Fed. R. Civ. P. 8(a) .......... 8
Fed. R. Civ. P. 12(b)(1) .......... passim
Fed. R. Civ. P. 12(b)(6) .......... passim
Fed. R. Civ. P. 12(f) .......... 1, 10, 24

## MOTION TO DISMISS

Defendant Freedom Debt Relief LLC ("Freedom") hereby respectfully moves to dismiss the First Amended Complaint (*see* Dkt. 13, "FAC") filed by Plaintiff Adean Hill, Jr. ("Plaintiff") in the above-captioned matter pursuant to Fed. R. Civ. P. 8, 12(b)(6), and/or 12(b)(1) or, alternatively, moves to strike portions of the FAC pursuant to Fed. R. Civ. P. 12(f). In support thereof, Freedom respectfully submits and relies upon the incorporated Memorandum of Points and Authorities below.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff is a prolific filer and serial plaintiff who has filed at least 25 complaints in less than 18 months.[1] Each seeks relief under the federal Telephone Consumer Protection Act ("TCPA") and/or its Texas state analog, the Texas Telephone Solicitation Act ("TTSA"), Tex. Bus. & Com.

[1] *Hill v. Tobias & Assocs.*, 3:25-cv-00307, (N.D. Tex., Feb. 7, 2025); *Hill v. Amity One Tax LLC*, 3:25-cv-00510, (N.D. Tex., Feb. 28, 2025); *Hill v. Mayer Solar Inc.*, 3:25-cv-00716, (N.D. Tex., Mar. 25, 2025); *Hill v. TR Accts.*, 3:25-cv-00787, (N.D. Tex., Apr. 1, 2025); *Hill v. Elite Legal Prac. P.C.*, 2:25-cv-04332, (C.D. Cal., May 14, 2025); *Hill, Jr. v Money Matchmaker Co.,* 4:25-cv-00558, (E.D. Tex., May 27, 2025); *Hill, Jr. v. Law Office of Jonathan C Frank & Assocs.*, PLLC, 4:25-cv-00939, (E.D. Tex., Aug. 26, 2025); *Hill, Jr. v. Alpha Home Buyers LLC*, 4:25-cv-00943, (E.D. Tex., Aug. 28, 2025); *Hill v. Bober L. Firm, PLLC*, 4:25-cv-01066, (E.D. Tex., Sept. 30, 2025); *Hill, Jr. v. B&R Gen. Contracting LLC*, 4:25-cv-01140, (E.D. Tex., Oct. 17, 2025); *Hill, Jr. v. Debt Freedom Att'ys PLLC*, 4:25-cv-01141, (E.D. Tex., Oct. 17, 2025); *Hill, Jr. v. Gerber Life Agency LLC, 4:25-cv-01189*, (E.D. Tex., Oct. 29, 2025); *Hill, Jr. v. Elevate Massage + Sports Recovery PLLC*, 4:25-cv-01265, (E.D. Tex., Nov. 20, 2025); *Hill, Jr. v. Premier Health Sols., LLC*, 4:25-cv-01448, (E.D. Tex., Dec. 29, 2025); *Hill, Jr. v. Am. Gen. Life Ins. Co.*, 4:26-cv-00025, (E.D. Tex., Jan. 7, 2026); *Hill, Jr. v HCA Healthcare, Inc.*, 4:26-cv-00092, (E.D. Tex., Jan. 24, 2026); *Hill, Jr. v. Gotham Healthcare Servs., LLC*, 4:26-cv-00127, (E.D. Tex., Feb. 3, 2026); *Hill, Jr. v. Major League Ins. LLC*, 4:26-cv-00148, (E.D. Tex., Feb. 9, 2026); *Hill, Jr. v. Trustage Ins. Agency LLC*, 4:26-cv-00157, (E.D. Tex., Feb. 12, 2026); *Hill, Jr. v. RGV Venture Cap. LP*, 4:26-cv-00212, (E.D. Tex., Feb. 27, 2026); *Hill, Jr. v. Accendo Ins. Co.*, 4:26-cv-00248, (E.D. Tex., Mar. 11, 2026); *Hill, Jr. v. FX Ins. Agency, LLC*, 4:26-cv-00274, (E.D. Tex., Mar. 18, 2026); *Hill, Jr. v. Foresters Fin. Servs., Inc.*, 4:26-cv-00283, (E.D. Tex., Mar. 23, 2026); *Hill, Jr. v. Eddington L. Firm, LLC*, 4:26-cv-00461, (E.D. Tex., April 30, 2026); *Hill, Jr. v. Am. One Fin. Inc.*, 4:26-cv-00554, (E.D. Tex., May 22, 2026).

Code § 305.001, *et seq.* Some also include barratry claims. As here, the allegations in Plaintiff's other cases are disjointed, nonspecific, and lacking concrete substantiation. *See, e.g.*, *Hill v. Debt Freedom Attorneys PLLC*, 4:25-cv-01141, ECF No. 1 (E.D. Tex., Oct. 17, 2025).

In this case, Plaintiff presents his second attempt at pleading a viable claim against Freedom. *See* Dkt. 1 ("Complaint"); Dkt. 13. This time, Plaintiff had the benefit of Freedom's Motion to Dismiss and/or Strike his Complaint, Dkt. 11 (the "MTD the Complaint"), yet Plaintiff still does not correct the fatal flaws in his pleading. He should not get a third try.

In the FAC, Plaintiff purports to assert a total of five causes of action against the named defendants, Freedom, American One Financial Inc. ("AOF"), and McCarthy Law PLC ("McCarthy") (collectively, "Defendants") under Section 227(b)(1)(A) of the TCPA; Sections 305.053, 302.101, and 302.202(1), of the Texas Business & Commerce Code ("TBCC"); and Section 82.0651 of the Texas Government Code ("TGC"), based on the alleged receipt of one prerecorded voice call.

Originally, Plaintiff alleged three causes of action against Freedom. The FAC has shuffled the cards; Plaintiff has kept one cause of action against Freedom but swapped the others:

| **Count** | **Statute** | **Description** | **Against Freedom?** | |
|---|---|---|---|---|
| | | | **Complaint** | **FAC** |
| I | 47 U.S.C. § 227(b)(1)(A) | Artificial/prerecorded voice | No | **Yes** |
| II | TBCC § 305.053 | Incorporates TCPA by reference | No | **Yes** |
| III | TBCC § 302.101 | Registration certificate | No | No |
| IV | TBCC § 302.202(1) | Location disclosure requirement | **Yes** | No |

| | | | | |
|---|---|---|---|---|
| V[2] | TBCC § 301.051(1) | Identification requirement | **Yes** | N/A |
| VI / V | TGC § 82.0651 | Civil liability for barratry | **Yes** | **Yes** |

*Compare* Dkt. 1, ¶¶ 94–125 *with* Dkt. 13, ¶¶ 123–154. As it stands, Plaintiff seeks to assert Counts I, II, and V against Freedom. Plaintiff offers no explanation for why the FAC abandons some claims or purports to "discover" others not previously pled against Freedom. In any event, Plaintiff's FAC lacks sufficient non-conclusory facts to support a plausible inference that Freedom bears ***any*** legal responsibility for the single prerecorded voice call Plaintiff alleges receiving. Indeed, Plaintiff fails to allege facts suggesting that Freedom was connected to that call in any way. Consequently, all claims alleged against Freedom in the FAC should be dismissed for at least the following reasons:

***First***, the FAC is a classic shotgun pleading that fails to meet basic pleading standards under Fed. R. Civ. P. 8 by improperly lumping together all three Defendants without providing a factual basis to distinguish their conduct, and thus fails to put Freedom on notice of the claims against it.

***Second***, Counts I and II against Freedom should be dismissed under Fed. R. Civ. P. 12(b)(6) because Plaintiff does not plead facts showing that Freedom is directly or vicariously liable for the alleged "artificial or prerecorded" voice call at issue, or even that an artificial or prerecorded voice call was used, as required to state a claim under 47 U.S.C. § 227(b)(1)(A) (Count I) and TBCC § 301.053 (Count II), respectively.

***Third***, Count V against Freedom should also be dismissed under Fed. R. Civ. P. 12(b)(6) because Plaintiff pleads no facts showing that Freedom solicited (or even communicated with)

2 The Complaint originally included Count V for a purported violation of Section 301.051 of the TBCC. *See* Dkt. 1, ¶¶ 113-117. This cause of action has been removed from the FAC entirely.

Plaintiff, let alone that any such communication related to finding prospective clients for the McCarthy law firm, as required to state a claim under TGC § 82.0651(c).

***Fourth***, dismissal of all of Plaintiff's claims against Freedom is necessary under Rule 12(b)(1) because Plaintiff fails to plead facts that satisfy at least two of the requisite elements for standing under Article III of the U.S. Constitution—causation and redressability.[3] In this regard, Plaintiff does not plead facts tracing any alleged unlawful conduct or harm to any act by Freedom, and Freedom cannot possibly redress harm it did not cause.

***Lastly***, despite Plaintiff having ***two*** opportunities to properly plead his case, he has not done so. And, for the reasons discussed above, it is clear that Plaintiff cannot do so. Thus, further leave to amend would be futile and should not be granted.

The FAC, and the pertinent counts therein, should be dismissed with prejudice as to Freedom.

## II. CASE BACKGROUND

### A. Procedural History

Plaintiff filed the Complaint on May 22, 2026. *See* Dkt. 1. The Complaint alleged six causes of action against the Defendants, including three causes of action against Freedom. *See* Causes of Action Chart, *supra* Section I. On July 21, 2026, the clerk entered an Entry of Default against AOF. Dkt. 10. On July 28, 2026, Freedom timely moved to dismiss and/or strike the Complaint. *See* Dkt. 11. On August 18, 2026, Plaintiff filed the FAC, removing one cause of action entirely and changing other causes of action alleged against Freedom. *See* Chart, *supra* Section I.

[3] Additionally, Freedom does not concede, and indeed disputes, that Plaintiff has suffered a concrete and particularized "injury-in-fact" or that he has pled sufficient facts supporting this additional element required for Article III standing in their Complaint. Freedom reserves the right to address this issue at a later time.

The FAC also added unsupported conclusory allegations about the relationships between the Defendants and additional allegations about Plaintiff's conversation with "Daisy," *See* Dkt. 13, ¶¶ 46-49, 53-57, 60-61, 63-65, 67-72, 89-92, 96-98, 101-106, and 109-117.

**B. <u>Factual Allegations in the FAC</u>**

Plaintiff alleges that AOF is a "marketing debt consolidation company" that "solicit[s] the debt relief services of" Freedom. Dkt. 13, ¶ 45-46. Plaintiff speculates that Freedom and McCarthy have some kind of "contractual agreement" by which Freedom "solicit[s] the legal services of McCarthy." *Id.* ¶ 47. Plaintiff alleges that Freedom "embed[s]" McCarthy's "retainer agreement" "into the [Freedom] contract as part of the agreement to appoint and authorize" Freedom.[4] *Id.* ¶ 48. Plaintiff alleges that Freedom "knew AOF would perform solicitation services via prerecorded messages." *Id.* ¶ 49.

Plaintiff alleges that, on April 10, 2026, he received a "pre-recorded message" from a phone number ending in -8169 (the "Outpulse Number") to his telephone number. *Id.* ¶ 50. He alleges the pre-recorded message identified the caller as "Cherry Anderson," referenced "a loan request we have received from" Plaintiff, and provided a callback number ending in -2137 (the "Callback Number") (i.e., not the Outpulse Number). *Id.* ¶ 51. "Cherry Anderson" did not provide the name of the company she was calling from. In the original Complaint, Plaintiff admitted he "does not know who Cherry Anderson is or who's [*sic*] behalf the call was from." Dkt. 1, ¶ 50. That admission has been removed, without explanation or additional facts, from the FAC. Plaintiff newly alleges, without explanation, that "Cherry Anderson" is a "fictitious person designed to give false legitimacy" to the message. Dkt. 13, ¶ 54. Later in the FAC, and despite these allegations,

[4] Plaintiff does not specify what Freedom is appointed or authorized to do, or on behalf of whom Freedom is appointed or authorized to do it. *See id.* ¶ 48

Plaintiff alleges that "McCarthy made the telephone solicitation call on its own behalf, *id.* ¶ 92, although it is not entirely clear to which call this refers.

Plaintiff alleges ***he*** called the Callback Number on April 10, 2024 [sic], at 12:21 p.m. and was "greeted by an agent identifying himself as 'Andy from Lendy Loans.'" *Id.* ¶¶ 58-59. Plaintiff concludes, without factual support, that "'Lendy Loans' is a fictitious name used by AOF." *Id.* ¶ 61.

Plaintiff alleges that "Andy with Lendy Loans" transferred Plaintiff to "a representative who identified herself as Daisy, who ***didn't originally or properly state what company she was calling***[5] ***on behalf of***." *Id.* ¶¶ 59, 62. Plaintiff alleges that Daisy asked him "about his debts, income, and other debt related metrics," as well as "for his date of birth and Social Security number," and "Plaintiff provided this information as requested." *Id.* ¶¶ 63-64. Plaintiff alleges that, after spending nearly an hour and a half on the phone with Daisy and "while still on the phone call," he received an email at 1:39 p.m. from "enrollments@americanonefinancial.com." *Id.* ¶ 66. He alleges that the email "congratulat[ed] him on his approved enrollment with 'Freedom Debt Relief (FDR) program!'" *Id.* Plaintiff alleges that the email "contained a Docusign link" to some kind of agreement and that "daisy@americanonefinancial" was carbon copied on the email. ¶¶ 67, 69. Plaintiff does not attach a copy of the email to the FAC. Plaintiff also alleges that the agreement contained a "Power of Attorney" form referencing McCarthy. *Id.* ¶¶ 71–72.

Plaintiff also alleges, without any supporting facts at all, that Freedom "accept[ed]" a "live transfer." *Id.* ¶ 107. He does not identify when or how this alleged transfer occurred, from whom

[5] Importantly, the FAC alleges that the call was transferred ***to*** "Daisy" ***from*** "Andy with Lendy Loans." *Id.*, ¶¶ 59, 62. That is, "Daisy" was not "calling" at all. Neither was Andy for that matter, as Plaintiff reached Andy via inbound call. *Id.*, ¶¶ 58-59.

it was made, or what facts lead him to believe that any call was transferred to Freedom. This "live transfer" allegation is not connected to the alleged prerecorded voice call ***or*** to the incoming call Plaintiff made. *Compare id.* ¶ 51 (alleged prerecorded voice call) *and* ¶¶ 58–69 (description of incoming call and transfer to "Daisy" with AOF) *with* ¶ 107 (referring to "FDR's acceptance of a live transfer").

The remainder of the FAC is comprised of bald conclusions, devoid of any factual development, that McCarthy "clearly authorized [Freedom] to solicit its legal services," "AOF transfers leads exclusively to [Freedom]," and "[Freedom] wrote or at least approved the call script." *Id.* ¶ 97, 101, 102.

Based on the above, Plaintiff alleges that Freedom violated 47 U.S.C. § 227(b)(1)(A), TBCC § 305.053, and TGC § 82.0651.[6] *Id.* ¶¶ 123–132, 141–154. Plaintiff seeks declaratory relief, as well as at least $53,000, "interest, costs, and attorneys' fees," and other further relief, all from Freedom. *Id.*, Prayer for Relief, ¶¶ B, C, D, G, I–N.[7]

---

[6] Plaintiff does not allege that Freedom violated TBCC §§ 302.101 or 302.202. *See id.* ¶¶ 133–140. Because these claims are not made against Freedom in the FAC, Freedom has not presented argument concerning these statutes. *See, e.g.*, *Skinner v. Switzer*, 2010 WL 273143, at *4 (N.D. Tex. Jan. 20, 2010) (quoting *Cutrera v. Bd. of* Supervisors, 429 F.3d 108, 113 (5th Cir.2005)) ("'A claim which is not raised in the complaint … is not properly before the court.'"). For the avoidance of doubt, Freedom denies it violated Sections 302.101 or 302.202 of the TBCC. Should Plaintiff attempt to improperly raise arguments in Response under Sections 302.101 or 302.202 of the TBCC, they should be disregarded and/or Freedom respectfully requests leave to brief the issues.

[7] Plaintiff seeks duplicate recovery from Freedom and co-defendant AOF for the alleged TCPA and TBCC § 305.053 violations for the same call. *See id.*, Prayer for Relief, ¶¶ C, D. Plaintiff cannot recover from two defendants for the same violation. *See, e.g.*, *Pedernales Elec. Cooperative, Inc. v. Hartford Cas. Ins. Co.*, 2012 WL 13033969, at *2 (W.D. Tex. July 10, 2012) ("'Under the one satisfaction rule, a plaintiff is entitled to only one recovery for any damages suffered. This rule applies when multiple defendants commit the same act as well as when defendants commit technically different acts that result in a single injury.'") (quoting *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 390 (Tex. 2000)). Moreover, to the extent that Plaintiff has recovered any amount at all from AOF in conjunction with the default judgment, *see* Dkt. 10, that recovery must be deducted from any recovery that might be awarded as against Freedom. *See, e.g.*,

## III. APPLICABLE LEGAL STANDARDS

### A. Fed. R. Civ. P. 8: Federal Pleading Standards ("Shotgun" Pleadings)

Federal pleadings must include "short and plain" statements of the claims showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a). Allegations must be "simple, concise, and direct," not mere labels, legal conclusions, or formulaic recitations of elements. *Id.* 8(d)(1); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Dismissal is appropriate where, as here, a complaint lumps together defendants while providing no factual basis to distinguish their conduct. *See, e.g.*, *Cunningham v. Politi*, 2019 WL 2519702, at *7, n.10 (E.D. Tex. Apr. 26, 2019), *report & rec. adopted,* 2019 WL 2526536 (E.D. Tex. June 19, 2019); *Cunningham v. Lifestyles Dev., LLC*, 2019 WL 4282039, at *4, n.4 (E.D. Tex. Aug. 8, 2019), *report & rec. adopted*, 2019 WL 4277507 (E.D. Tex. Sept. 10, 2019); *Garig v. Travis*, 2021 WL 2708910, at *19 (M.D. La. June 30, 2021); *Williams v. Am. Com. Lines, Inc.*, 2020 WL 4574515, at *4, n.25 (M.D. La. July 23, 2020), *report & rec. adopted*, 2020 WL 4572338 (M.D. La. Aug. 7, 2020).

### B. Fed. R. Civ. P. 12(b)(6): Failure to State a Claim

Rule 12(b)(6) provides for dismissal where a plaintiff fails to sufficiently state a claim for relief. *See Twombly*, 550 U.S. at 556–57. When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court "accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002), *cert denied*, 123 S. Ct. 1287 (2003). However, only well-pleaded facts are given a presumption of truth. *Iqbal*, 556 U.S. at 679. A "bare assertion" and "conclusory allegation[s]" will

---

*Bates v. Complete Oil Field Servs., LLC*, 2020 WL 10502725, at *9 (W.D. Tex. Aug. 11, 2020) (amount recovered from codefendants must be deducted, even when considering default judgments).

not suffice. *Twombly*, 550 U.S. at 556–57. Naked allegations without factual enhancements "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted). A "formulaic recitation of the elements" of a claim also fails to meet the requisite pleading standard. *Iqbal*, 556 U.S. at 678. Further, "although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead 'specific facts, not mere conclusory allegations'" to avoid dismissal. *Pelayo v. Wells Fargo Bank, N.A.*, 2014 WL 3513207, at *2 (W.D. Tex. July 14, 2014) (*quoting Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). In short, under Rule 12(b)(6), this Court need not accept as true "[c]onclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp*., 484 F.3d 776, 780 (5th Cir. 2007) (*quoting Plotkin v. IP Axess Inc*., 407 F.3d 690, 696 (5th Cir. 2005)).

### C. Fed. R. Civ. P. 12(b)(1): Lack of Subject Matter Jurisdiction / Article III Standing

An absence of Article III standing warrants dismissal under Rule 12(b)(1) as the Court lacks proper subject matter jurisdiction over such claims. *See, e.g*., *Lopez v. Bronco Mfg*., 2021 WL 1097332, at *1 n.1 (E.D. Tex. Feb. 10, 2021), *report and rec. adopted,* 2021 WL 1090745 (Mar. 22, 2021) (citing *Harold H. Huggins Realty, Inc. v. FNC, Inc*., 634 F.3d 787, 795 n.2 (5th Cir. 2011)); *see also Wendt v. 24 Hour Fitness USA, Inc.,* 821 F.3d 547, 550 (5th Cir. 2016) (Without Article III standing, a plaintiff cannot "maintain an action in federal court."). In this regard, Article III of the Constitution confers on the federal judiciary the power to adjudicate only certain cases and controversies. To establish Article III standing, Plaintiff must plausibly allege that: (i) he suffered a concrete and particularized "injury in fact," (ii) there is a causal connection between his injury and the conduct complained of (*i.e.*, causation), and (iii) his injury must be capable of being redressed by a favorable decision (*i.e.*, redressability). *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc*., 134 S. Ct. 1377, 1386 (2014)

(the "causation" element requires the "injury in fact" be "fairly traceable" to the defendant's conduct). As with Rule 12(b)(6), the Court need not accept conclusory allegations as true under Rule 12(b)(1). *See, e.g., Williams v. Ascension Par. Sch. Bd.,* 2011 WL 2011481, at *3 (M.D. La. May 16, 2011).

### D. Fed. R. Civ. P. 12(f): Striking Improper Material

A court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A Rule 12(f) motion "avoid[s] the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Zytax, Inc. v. Green Plains Renewable Energy, Inc.*, 2010 WL 2219179, at *5 (S.D. Tex. May 28, 2010) (internal quotations omitted). "This includes striking parts of the prayer for relief when the relief sought is 'not recoverable as a matter of law.'" *Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1208 (C.D. Cal. 2008).

## IV. ARGUMENT

### A. Plaintiff's Improper "Shotgun" Pleading Should Be Dismissed Under Rule 8

A complaint that generally alleges wrongdoing against multiple "defendants" must differentiate which allegations are against which defendant. *See Cobarobio v. Midland Cty., Tex.,* 2015 WL 13608102, at *9 (W.D. Tex. Jan. 7, 2015), *aff'd*, 695 F.App'x 88 (5th Cir. 2017) (holding that the *Iqbal* pleading standard is not met by "global assertions of fault" and that "routinely lump[ing] all Defendants together without identifying the actions of any individual Defendant" is insufficient). Failure to do so is grounds for dismissal under Rule 12(b)(6). *See Mendoza v. J.P. Morgan Mortg. N.A.*, 2017 WL 2778250, at *3 (S.D. Tex. June 27, 2017) (dismissing with prejudice, noting "a complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct") (internal citation omitted).

In the FAC, as in the Complaint, Plaintiff does not identify what Freedom supposedly did (or did not do) that would subject it to liability. As to the prerecorded voice call—the only call at issue in the FAC—Plaintiff freely admitted in the Complaint that he "does not know" who made the call or on whose behalf it was made. *See* Dkt. 1, ¶ 50. The text of the prerecorded message does not include the name of the calling party. *Id.* ¶ 51. Throughout the remainder of the FAC, Plaintiff again lumps all Defendants together without alleging facts about the alleged conduct of each of them specifically, as required under Rule 8. *See, e.g.*, *id.* ¶¶ 7(b) ("Defendants purposefully sent phone calls and texts[8] to Plaintiff[.]"); 9 ("This Court has venue over Defendants because the calls at issue were sent by or on behalf of the above-named Defendants[.]"). Courts have dismissed similar claims on this basis. *See, e.g.*, *Cunningham v. Politi*, 2019 WL 2519702, at *7, n.10 (dismissing pro se TCPA complaint, in part, because it did not "clarify which of the … named parties made what calls"); *Ewing v. GoNow Travel Club, LLC*, 2019 WL 3253058, at *3 (S.D. Cal. July 19, 2019) (dismissing, under Rule 8, pro se TCPA complaint alleging "Defendants" called plaintiff, holding that "[w]hen suing multiple defendants, a plaintiff must differentiate which allegations are against which defendant and not lump defendants together without distinguishing the alleged wrongs amongst defendants").

Even when Plaintiff attempts to disentangle the Defendants, the explanation is impossible to follow. Plaintiff alleges that: AOF solicits for Freedom, Freedom solicits for McCarthy, and McCarthy "appoint[s] and authorize[s]" Freedom to do something (the *what* is not specified). Dkt. 13, ¶¶ 45–48. Yet none of these allegations explain each Defendant's alleged involvement with

[8] The references to plural "phone calls and texts" in parts of the FAC may be errors. Plaintiff alleges the receipt of only **one** outbound call and does not allege receiving any text messages. *See id.* ¶ 50 ("Plaintiff received a pre-recorded message").

respect to the single at-issue call here. Freedom already raised this argument in the MTD to the Complaint, *see* Dkt. 11, pp. 8–9, and still the FAC does not resolve the problem. The FAC should be dismissed for this reason alone.

### B. **Counts I and II Should Be Dismissed Under Rule 12(b)(6) Because Plaintiff Fails to Plausibly Allege Any Theory of Liability Against Freedom.**

There are two potential theories of TCPA liability: direct liability and vicarious liability. *See Rogers v. Postmates Inc.*, 2020 WL 3869191, at *3 (N.D. Cal. July 9, 2020). To be liable under any provision of the TCPA, the defendant "must either (1) directly make the call, or (2) have an agency relationship with the person who made the call." *Pascal v. Agentra, LLC*, 2019 WL 5212961, at *2 (N.D. Cal. Oct. 16, 2019) (*quoting Abante Rooter & Plumbing v. Farmers Grp., Inc.*, 2018 WL 288055, at *4 (N.D. Cal. Jan. 4, 2018); *accord Cunningham v. Daybreak Solar Power, LLC*, 2023 WL 3985245, at *2 (N.D. Tex. June 13, 2023) (citing *Cunningham v. Politi,* 2019 WL 2519568, at *5 (E.D. Tex. Apr. 30, 2019), *report & rec. adopted,* 2019 WL 2524736 (E.D. Tex. June 19, 2019)). Failure to adequately plead a viable theory of liability warrants dismissal of the TCPA claim entirely, regardless of Plaintiff's assertions as to any other element of the claim. *See, e.g., Nelums v. Mandu Wellness, LLC*, 2023 WL 5607594, at *9 (D.N.M. Aug. 30, 2023) ("Because Plaintiff fails to satisfy the first elements of the TCPA …—that Defendants were directly or vicariously liable for the text messages—the Court does not reach Defendants' arguments regarding whether Plaintiff adequately plead the other elements."); *Daybreak Solar Power*, 2023 WL 3985245, at *2–3 (dismissing TCPA case on these grounds). Absent factual allegations supporting one of those theories, a TCPA claim cannot proceed to the discovery stage. *See Daybreak Solar Power*, *supra*; *Nelums v. Mandu Wellness, LLC*, 2023 WL 5607594, at *9 (D.N.M. Aug. 30, 2023).

Plaintiff's allegations are insufficient to state a claim for direct liability, which applies only to persons or entities that "initiate" telemarketing calls. *Sheski v. Shopify (USA) Inc.,* 2020 WL 2474421, at *2 (N.D. Cal. May 13, 2020) (citing *In re Dish Network, LLC*, 2013 WL 1934349, 28 FCC Rcd. 6574, 6583 ¶ 26 (2013)); *accord Daybreak Solar Power*, 2023 WL 3985245, at *2–3 (citing *Hunsinger v. Dynata LLC,* 2023 WL 2377481, at *5 (N.D. Tex. Feb. 7, 2023), *report & rec. adopted,* 2023 WL 2386710 (N.D. Tex. Mar. 4, 2023)) and *Lifestyles Dev.*, 2019 WL 4282039, at *3). Federal courts across the country routinely dismiss direct TCPA liability claims that, like Plaintiff's, lack sufficient factual allegations demonstrating that the defendant itself actually "made" or "initiated" the calls at issue by "'tak[ing] the steps necessary to physically place a telephone call.'" *Daybreak Solar Power*, 2023 WL 3985245, at *2 (*quoting Lifestyles Dev.*, 2019 WL 4282039, at *3); *see also Aaronson v. CHW Grp., Inc.*, 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019) (dismissing and holding "at the pleadings stage, [a] plaintiff must allege facts to support his conclusion or belief that defendant is the party that made the [violative] calls"). In this regard, merely alleging that a defendant "made" or "initiated" a call is not sufficient to allege a direct liability claim; at the pleadings stage, the plaintiff "must allege facts to support" the claim that ***Defendant*** physically initiated the call. *Daybreak Solar Power*, 2023 WL 3985245, at *2; *see also Frank v. Cannabis & Glass, LLC*, 2019 WL 4855378, at *2 (E.D. Wash. Oct. 1, 2019) ("Because Plaintiff's allegations do not allege that [Defendant] controlled the recipients, timing or content, the Amended Complaint does not allege that Defendant [] was the maker or initiator of the text message.").

Plaintiff's allegations are likewise insufficient to state a vicarious liability theory. That theory relies on the bedrock principles of agency: a principal may be liable for the action of an agent when the principal "'manifests assent'" to the agent "'that the agent shall act on the

principal's behalf and subject to the principal's control.'" *In re Dish Network,* LLC, 28 FCC Rcd. 6574, 6586 (2013) (quoting Restatement (Third) of Agency, § 1.01). Courts "routinely dismiss TCPA claims premised on vicarious liability at the pleadings stage where," as here, "there is a failure to allege sufficient facts establishing control" over the actions of the agent. *Cunningham v. Matrix Fin. Servs., LLC*, 2021 WL 1233466, at *13 (E.D. Tex. Feb. 12, 2021), *report & rec. rejected on other grounds*, 531 F. Supp. 3d 1164 (E.D. Tex. 2021).

Plaintiff includes no facts tying the outbound prerecorded voice call to Freedom, let alone showing that Freedom physically placed the call, as would be required to substantiate a direct liability theory.[9] *See generally* Dkt. 13. To the contrary, in the FAC, Plaintiff alleges that "***McCarthy*** made the telephone solicitation call ***on its own behalf***." *Id.* ¶ 92 (emphases added).[10] The absence of factual allegations showing that Freedom physically placed the prerecorded voice call of which Plaintiff complains renders the FAC inadequate to support a direct liability theory against Freedom.

Plaintiff likewise presents no facts suggesting that the call was placed on behalf of Freedom. Plaintiff alleges that he received a phone call from "Cherry Anderson" that did not mention Freedom. *Id.* ¶ 51. Plaintiff admitted in his original Complaint that he "***does not know*** who" called him, or on "who[se] behalf the call was" made. *See* Dkt. 1, ¶ 50 (emphasis added). That admission has been removed, without explanation, from the FAC. *See generally* Dkt. 13. But

[9] The inbound call from ***Plaintiff*** to the callback number does not show otherwise; that call connected to "Andy from Lendy Loans." *Id.* ¶¶ 52–53.

[10] Plaintiff's bare allegation, elsewhere in the FAC, that Freedom "solicit[s]" for McCarthy, *see* Dkt. 13, ¶ 47, is not enough as it is both unsupported by facts, untethered to any particular activity, and contradicted by other allegations in the FAC. *See, e.g.*, *id.* ¶ 45 (alleging that AOF solicits for FDR). In any event, the sole outbound call described in the FAC was not a "solicitation" call for legal services. *See id.* ¶ 51. *See infra* Section IV.C.2.

Plaintiff cannot escape prior allegations harmful to his case by simply removing them on amendment. *See, e.g.*, *Keller v. Daniels*, 2019 WL 1560496, at *1, n.2 (N.D. Tex. Jan. 14, 2019), *report & rec. adopted*, 2019 WL 1557168 (N.D. Tex. Apr. 10, 2019) ("Although the amended complaint entirely supersedes the original complaint and renders it of no legal effect, nothing prohibits a court from considering factual allegations provided with a prior pleading."). Plaintiff's admission in the Complaint should shut the door on Plaintiff's claim against Freedom in this case. Moreover, in the FAC, Plaintiff alleges that "McCarthy made the telephone solicitation call on its own behalf." *Id.* ¶ 92. In either event, there are no facts suggesting that anyone made the call on behalf of Freedom, and the FAC should be dismissed against Freedom on vicarious TCPA liability grounds as well. *See, e.g., Callier v. Nat'l United Grp., LLC*, 2022 WL 20046134, at *11 (W.D. Tex. Jan. 26, 2022); *Daybreak Solar Power,* 2023 WL 3985245, at *3; *Cunningham v. Lifestyles*, 2019 WL 4282039, at *5 (each dismissing where agency allegations were insufficient).

Plaintiff's allegations concerning the inbound call he made to the Callback Number merely serve to confirm that the initial outbound call was not made by or on behalf of Freedom, or any defendant at all. *See id.* ¶¶ 51-52, 58-59. Plaintiff alleges that an "agent identifying himself as 'Andy from Lendy Loans'" (i.e., ***not*** Freedom) answered this inbound call. *Id.* ¶ 53. Next, Plaintiff alleges that "Andy from Lendy Loans" transferred the call to "Daisy," "***who didn't originally or properly state what company she was calling on behalf of.***" *Id.* ¶ 53. Indeed, "Daisy" was not calling on behalf of anyone; she was answering a call ***from*** Plaintiff. In any event, the FAC makes no allegation at all about the company for which "Daisy" worked. Lastly, Plaintiff alleges that during the phone call, Plaintiff received an email from "enrollments@americanonefinancial.com" (i.e., ***not*** Freedom). *Id.* ¶ 55. The FAC does not contain any explanation as to the connection between the email and the call other than the timing. *See id.* The only factual allegation Plaintiff

includes to explain why Freedom is named in this case at all is that Plaintiff alleges the email refers to the "Freedom Debt Relief (FDR) program!" *Id.* It should be obvious that simply mentioning the name "Freedom Debt Relief" in an email is not enough to plausibly allege that Freedom made or initiated a phone call earlier in the day. *See, e.g.*, *Matthews v. Senior Life Ins. Co.*, 2025 WL 1181789, at *3 (E.D. Va. Apr. 22, 2025) (mentioning company's products or services during a call insufficient to identify that company as the "caller" for TCPA liability purposes) (collecting cases).

Now, Plaintiff alleges that "McCarthy made the telephone solicitation call on its own behalf." Dkt. 13, ¶ 92. In any event, the call was not from Freedom. This alone should dispose of Plaintiff's claims against Freedom in their entirety.

The FAC ultimately pleads no facts at all to suggest that Freedom controlled the activity of the entity who made the call. To be sure, the FAC does not even clearly identify which defendant is alleged to be the principal and which, if any, defendant is alleged to be the agent. *See* Dkt. 13, ¶¶ 45–47 (alleging both that AOF solicits for Freedom and Freedom solicits for McCarthy).[11] Plaintiff's bald allegations that Freedom controlled AOF's calling activity, *see* Dkt. 13, ¶¶ 100–109, are similarly meaningless. Plaintiff cannot merely state in conclusory fashion that Freedom had some relationship to AOF's calling activity; he must plead ***facts*** supporting an inference that Freedom had "control" over the "manner and means" in which AOF placed the specific at-issue call to Plaintiff. *See, e.g., Daybreak Solar Power,* 2023 WL 3985245, at *3; *Rogers*, 2023 WL 2646468, at *6; *Meeks v. Buffalo Wild Wings, Inc.*, 2018 WL 1524067, at *6 (N.D. Cal. Mar. 28, 2018).

The remainder of the FAC is comprised of bald conclusions, rather than factual allegations,

[11] Moreover, "Cherry Anderson" is either from an entirely unknown entity or from Lendy Loans, *see id.* ¶¶ 51, 60, but neither are named as a defendant in this case.

that do not support any theory of liability against Freedom. Plaintiff alleges that Freedom "entered into a contractual agreement with Defendant McCarthy that authorized [Freedom] to solicit McCarthy s legal services." Dkt. 13, ¶ 46. Even if that were true (and Plaintiff does not plead any facts to support it), that claim does not specifically connect Freedom (or McCarthy for that matter) to the outbound call at issue. The same is true for all of the allegations that follow. *See, e.g.*, *id.* ¶¶ 112 (Freedom "solicit[s] McCarthy's legal services for financial gain."); 113 ("[Freedom] received commissions from McCarthy for enrolling new clients with McCarthy and McCarthy received payments from the clients enrolled by [Freedom]."). Again, even construing these baseless conclusory allegations in the light most favorable to Plaintiff (though the Court need not accept them as true), there is simply nothing in the FAC connecting the alleged prerecorded voice call to Freedom.

Moreover, because the FAC fails to state any viable theory of TCPA liability, it also fails to state any viable theory of TBCC liability against Freedom. The Texas state law "proscribes only that conduct which is also prohibited by the TCPA," and if no TCPA violation exists, no corresponding state law violation exists. *Cherkaoui v. Santander Consumer USA, Inc.*, 32 F. Supp. 3d 811, 815 (S.D. Tex. 2014) ; *see also, e.g.*, *Cunningham v. Politi*, 2019 WL 2519702, at *7; *Daybreak Solar Power*, 2023 WL 3985245, at *3.[12]

Thus, both Counts I and II should be dismissed against Freedom with prejudice.

[12] If any of Plaintiff's state law claims survive after the TCPA claims are dismissed, and they should not, this Court may decline to exercise supplemental jurisdiction over his state law claims after dismissing the TCPA claim under 28 U.S.C. § 1367(c). *See, e.g.*, *Cunningham v. Radius Glob. Sols., LLC*, 2021 WL 2258743, at *3 (E.D. Tex. June 3, 2021) (TCPA case, declining supplemental jurisdiction).

### C. Counts I, II, and V Should Be Dismissed As Against Freedom Under Rule 12(b)(6) Because They Fail to State Claims Upon Which Relief Can Be Granted.

#### 1. The FAC Fails to State a Claim for Relief for a Violation of the Artificial/Prerecorded Voice Provision of the TCPA, and Count I Should Be Dismissed.

In Count I, Plaintiff invokes Section 227(b) of the TCPA which, along with its implementing regulations, provides in pertinent part that no person shall "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using … an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1) & (2). *See also Thompson v. Wells Fargo Bank, N.A.*, 2016 WL 164114, at *4 (S.D. Tex. Jan. 14, 2016), *aff'd* 684 F.App'x 464 (5th Cir. 2017) (citing 47 U.S.C. § 227(b)(1)(A)(iii)). To avoid dismissal on an artificial or prerecorded voice claim, Plaintiff "must include some factual allegations beyond 'the call had a prerecorded voice.'" *Smith v. Pro Custom Solar LLC*, 2021 WL 141336, at *3 (D.N.J. Jan. 15, 2021). Federal courts routinely dismiss TCPA claims that, like Plaintiff's, lack specific non-conclusory facts "regarding the tenor, nature, or circumstances of the alleged calls" and "merely proffer[] . . . conclusory alleg[ations] that Defendant utilized a pre-recorded message." *Manopla v. Sansone Jr.'s 66 Automall*, 2020 WL 1975834, at *2 (D.N.J. Jan. 10, 2020). *See also Rahimian v. Rachel Adriano and Juan Martinez, Inc.*, 2022 WL 798371, at *2–3 (D. Nev. Mar. 16, 2022) (conclusory allegations that defendant "transmitted" calls "using a prerecorded voice," without more, insufficient to state TCPA claim); *Curry v. Synchrony Bank, N.A.*, 2015 WL 7015311, at *2–3 (S.D. Miss. Nov. 12, 2015) (dismissing where plaintiff did not provide "sufficient contextual details to determine whether she spoke to a human or merely heard a recording upon picking up the phone'") (quoting *Aikens v. Synchrony Fin.*, 2015 WL 5818911, at *4 (E.D. Mich. July 31, 2015)). While courts do not expect "technical

specifications" about the delivery mechanism for messages, they do uniformly require plaintiffs to plead sufficient supporting factual details from which a "prerecorded message," as opposed to a live human speaking, could be inferred. *Johansen v. Vivant, Inc.,* 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012).[13] *See also Saragusa*, 2016 WL 1059004, at *4 (holding the "mere recitation of the elements" that the defendant used an "artificial or prerecorded voice" is insufficient to state a claim under *Iqbal*).

Guided by those bedrock principles, it is clear that Plaintiff's FAC allegations in this regard are inadequate to show it was a prerecorded voice call. Plaintiff labels the call "a pre-recorded message." Dkt. 13, ¶ 50. But the factual allegations suggest a voicemail: The transcript of the message does not include a keypress instruction, which would be expected if this were a "live" prerecorded call, but does include a callback number and asks Plaintiff to "leave me a message." *See id.*, ¶ 51. And Plaintiff conspicuously ***does not*** allege that he answered the call. *See id.*, ¶¶ 50-51. While Plaintiff alleges that the "voice was robotic in nature" and "the caller d[id] not interact with Plaintiff at all and lacked a natural human cadence," *id.*, ¶ 52, this is also consistent with a voicemail.. The facts as pled are inadequate to show that the call was actually an artificial voice or pre-recorded message.

Again, because Plaintiff's TCPA claim fails given the multiple pleading deficiencies above, his state law claims in Count II also fails. *See supra* Section IV.B (citing *Cherkaoui*, 32 F.

[13] This represents a clear majority rule, widely followed in and beyond the Fifth Circuit. *See also Saragusa v. Countrywide,* 2016 WL 1059004, at *4 (E.D. La. Mar. 17, 2016), *aff'd* 707 F.App'x 797 (5th Cir. 2017); *Smith v. Am.-Amicable Life Ins. Co. of Texas*, 2022 WL 1003762, at *3 (E.D. Pa. Apr. 4, 2022); *Winters v. Quicken Loans Inc.*, 2020 WL 5292002, at *4 (D. Ariz. Sept. 4, 2020); *Caruso v. Cavalry Portfolio Svcs.*, 2019 WL 4747679, at *4 (S.D. Cal. Sept. 30, 2019); *Reo v. Caribbean Cruise Line, Inc.*, No. 1:14-CV-1374, 2016 WL 1109042, at *4 (N.D. Ohio Mar. 18, 2016); *Trumper v. GE Capital Retail Bank,* 79 F. Supp. 3d 511, 513 (D.N.J. 2014).

Supp. 3d at 815; *Cunningham v. Politi*, 2019 WL 2519702, at *7; *Daybreak Solar Power*, 2023 WL 3985245, at *3).

Therefore, Counts I and II against Freedom should be dismissed in their entirety.

#### 2. **<u>The FAC Also Fails to State a Claim for Relief Under the TGC, so Count V Should Be Dismissed.</u>**

The subsection of the TGC at issue in Count V against Freedom creates a private right of action for "[a] person ***who was solicited*** by conduct violating Section 38.12(a) or (b)." TGC § 82.0651(c). A person violates Section 38.12(a) if that person "solicits employment … for the person or for another." Tex. Pen. Code § 38.12(a)(2). "Solicit employment" means "***to communicate*** … with a prospective client … concerning professional employment within the scope of a professional's license, registration, or certification … for the purpose of providing professional services to the prospective client, when neither the person receiving the communication nor anyone acting on that person's behalf has requested the communication." *Id.* § 38.01(11). Here, Plaintiff purports to allege that Freedom violated the law prohibiting barratry because it solicited prospective clients for the McCarthy law firm. *See* Dkt. 13, ¶¶ 110–117. This claim fails for several reasons.

***First***, as discussed above, there are simply no facts pled in the FAC connecting Freedom to the alleged prerecorded voice call. *See supra* Section IV.B. To constitute solicitation under the statute, Freedom must have actually communicated with Plaintiff. *See Nguyen v. Watts*, 605 S.W.3d 761, 776 (Tex. App. 2020) ("[C]ivil barratry requires actual communication with the client. In other words, . . . to be actionable under Subsection 82.0651(c), the violative conduct must have solicited the would-be plaintiff, and a solicitation requires communication" between the plaintiff and the defendant.) (internal citation and quotation marks omitted); *New York Marine & Gen. Ins. Co. v. Hilliard Munoz Gonzales LLP*, 2021 WL 12097843, at *3 (S.D. Tex. Mar. 30,

2021) ("[C]ivil barratry claims under section 82.0651(c) require 'each individual plaintiff to show solicitation' or 'actual communication'" between the plaintiff and the defendant.) (citing *Nguyen*, 605 S.W.3d at 772). Here, there are no allegations whatsoever that Freedom communicated with Plaintiff in any way. *See supra* Section IV.B. Therefore, Count V must be dismissed as against Freedom.

***Second***, the alleged facts do not show that the outbound prerecorded voice call (*i.e.*, the allegedly uninvited communication) related to the solicitation of legal services, as required to support a barratry claim. The FAC allegations reflect that the prerecorded voice call from "Cherry Anderson" did not mention legal services of any kind. Dkt. 13, ¶ 51 (referencing loan application and loan options). In fact, it references a "loan request we have received from" Plaintiff, suggesting it was a response to prior outreach from Plaintiff. *Id.* Put simply, this call was not a "solicitation of [a] legal-services contract," which is the "focus" of the barratry statute. *See, e.g.*, *Pohl v. Cheatham*, 718 S.W.3d 173, 187 (Tex. 2025).

***Third***, Plaintiff's allegations relating to a subsequent inbound call do not alter this conclusion. To begin, a valid barratry claim requires that the ***defendant***, not the plaintiff, initiate the contact. TGC § 82.0651(c); *see also Wise v. Wilmouth*, 2017 WL 3267924, at *13 (N.D. Tex. July 3, 2017) (dismissing barratry claim when plaintiff did not allege that the attorney "solicited his business by any means"). ***Plaintiff*** initiated the inbound call to "Andy from Lendy Loans." not any defendant. Dkt. 13, ¶¶ 58-59. Accordingly, this call is inapposite to Plaintiff's barratry claim. But even if considered (and it should not be), Plaintiff's allegations regarding his inbound call do not move the needle. Plaintiff alleges that he spoke with "Andy from Lendy Loans," was transferred to "Daisy," who did not tell him from which company she worked for (and therefore no facts are pled showing her connection with Freedom ***or*** McCarthy), and following a nearly 90-

minute interaction (while still on the call) he received an email from "enrollments@americanonefinancial.com" allegedly mentioning Freedom; yet, these allegations do not reference legal services in any way. *See* Dkt. 13, ¶¶ 59, 62. Plaintiff's cursory allegation that "Daisy approved Plaintiff for debt relief services provided by FDR and legal services offered by McCarthy," *id.* ¶ 65, and his submission of Exhibit 2 are likewise too attenuated. Even Plaintiff acknowledges that Exhibit 2 (the Power of Attorney) is only one page out of a 40-page agreement for "debt-relief services." Dkt. 13, ¶¶ 68, 71, 73. Thus, the ultimate result of the inbound call by Plaintiff was not centered on solicitation of legal services.

Count V should be dismissed against Freedom in its entirety and with prejudice.

### D. The FAC Should Also Be Dismissed Against Freedom Under Rule 12(b)(1) Because Plaintiff Lacks Article III Standing to Bring His Claims.

Dismissal under 12(b)(1) is required where, as here, a plaintiff fails to establish Article III standing. *Franklin v. Apple Inc.*, 569 F. Supp. 3d 465, 474 (E.D. Tex. 2021).

Plaintiff fails to allege facts to show all necessary elements of Article III standing: actual injury,[14] causation, and redressability.[15] For causation, the "injury in fact" must be "fairly traceable" to the ***defendant's*** conduct. *Lexmark*, 572 U.S. at 125; *see also TF-Harbor, LLC v. City of Rockwall*, 18 F. Supp. 3d 810, 820 (N.D. Tex. 2014) ("[A] plaintiff cannot satisfy the fairly traceable element where its injury is caused, not by the defendant's challenged action, but by an '***independent action of some third party*** . . . .'") (quoting *Simon v. E. Ky. Welfare Rights Org.*,

---

[14] While the injury in fact requirement is not addressed here, Freedom does not concede, and rather disputes, that Plaintiff can satisfy the injury-in-fact requirement necessary to show Article III standing. Freedom reserves the right to address the lack of actual injury at an appropriate time.

[15] Moreover, a "plaintiff bears the burden of establishing that he/she has standing for each claim and for each form of relief claimed." *Mehr v. Fed'n Internationale de Football Ass'n*, 115 F. Supp. 3d 1035, 1055 (N.D. Cal. 2015).

426 U.S. 26, 41–42 (1976)) (emphasis added)*; Williams v. Bienville Orthopaedic Specialists, LLC*, 737 F. Supp. 3d 411, 422 (S.D. Miss. 2024) ("A plaintiff cannot establish that an injury is 'fairly traceable' by proposing a 'speculative chain of possibilities.'"). Plaintiff fails to plead any facts showing, *inter alia*, (i) any conduct directly or indirectly attributable to Freedom; or (ii) any basis for concluding either that Freedom directly called him or had control over a third-party agent that called him. *See* Section IV.B, *supra*. Moreover, because Plaintiff has pled no facts showing any wrongful conduct attributable *to* Freedom, his injuries are incapable of being redressed *by* Freedom. *Lozano v. Collier*, 2026 WL 775939, at *3 (E.D. Tex. Feb. 24, 2026) ("Redressability ensures that there is a connection between the requested relief and the injury the plaintiff suffered."). Because Plaintiff fails to allege any facts tracing his purported injuries to Freedom, and because imposing damages on Freedom cannot prevent or correct violations by an unrelated third party, Plaintiff lacks Article III standing. *See*, *e.g.*, *Freidman v. Massage Envy Franchising, LCC*, 2013 WL 3026641, at *4 (S.D. Cal. June 13, 2013) (no Article III standing where plaintiff did not plead a viable theory of liability); *Hicks v. Alarm.com*, 2020 WL 9261758, at *5 (E.D. Va. Aug. 6, 2020) (same, holding that "[b]ased on the deficiencies identified under Rule 12(b)(6), Plaintiff also fails to properly plead causation and redressability" under 12(b)(1)); *Barker v. Sunrun Inc.*, 2019 WL 1983291, at *3 (D.N.M. Apr. 29, 2019) (ruling similarly). Plaintiff's claims must be dismissed accordingly.[16]

---

[16] While the Complaint sought injunctive relief, it is unclear whether the FAC does the same. *See* Dkt. 13, ¶ 43 (noting injunctive relief may be awarded under TGC § 82.0651(c); Prayer for Relief (not seeking injunctive relief). Any claim for injunctive relief against Freedom would also fail. To have Article III standing to seek injunctive relief in a federal case, Plaintiff must allege plausible facts suggesting that there is a risk of possible future injury. *See Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003); *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019). Here, Plaintiff fails to plead any such facts. Plaintiff alleges receipt of one prerecorded voice message in April 2026. Dkt. 13, ¶ 50. Plaintiff does not plead he has received a call since and pleads no facts suggesting he is at risk of a future injury—*i.e.*, that Plaintiff may possibly receive calls in the future (let alone calls

### E. The FAC Should Be Dismissed Against Freedom With Prejudice.

Finally, Plaintiff has already had a chance to replead and failed to cure the many fatal defects in his original complaint, despite Freedom's fully briefed prior dispositive motion outlining those defects in exhaustive detail. Plaintiff's inexplicable abandonment of some claims against Freedom and introduction of others just underscores Freedom's point that Plaintiff's allegations against Freedom are not grounded in facts. If Plaintiff thought the facts supported the causes of action he originally brought against Freedom, he merely would have introduced such facts to support the existing claims. Further, if he had more (or any) facts to allege, he would (and should) have alleged them by now. Therefore, dismissal with prejudice is appropriate. *See, e.g., U.S. ex rel. Siemens Bldg. Techs., Inc. v. Grot, Inc.*, 2005 WL 2012263, at *2 (E.D. Tex. Aug. 19, 2005) (citing *Hart v. Bayer Corp.,* 199 F.3d 239, 247 n. 6 (5th Cir. 2000)) (dismissing with prejudice where party had a chance to re-plead but "failed to cure all of the relevant defects" after amending); *Cunningham*, 2019 WL 2519702, at *7 (dismissing TCPA complaint with prejudice).

### F. Alternatively or in Addition, Plaintiff's Irrelevant Allegations and Unsupported Damages Requests Should Be Stricken.

If the Court does not dismiss Freedom from the case entirely and with prejudice, at minimum, it should strike Plaintiff's irrelevant allegations and unsupported damages requests.

A court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiff makes several irrelevant allegations and unsupported damages requests that should be stricken. *See, e.g.*, *Shabaz*, 586 F. Supp. 2d at 1208 (under Rule

---

made or initiated by Freedom). Therefore, any request for injunctive relief must be dismissed under Rule 12(b)(1) for lack of Article III standing.

12(f), court may strike "parts of the prayer for relief when the relief sought is 'not recoverable as a matter of law'").

***First***, Plaintiff alleges that "Defendants purposefully sent phone calls ***and text messages***" to him, although he pleads facts involving only one phone call and no text messages at all. Dkt. 13, ¶ 7. He quotes case law addressing the treatment of text messages and corporate officer liability, neither of which are at issue here. *Id.*, ¶¶ 19-20. And he makes generalized allegations about escrow accounts created by law firms, although there are no facts alleged showing that an escrow account was established. *Id.*, ¶¶ 81-82. None of these allegations are relevant here.

***Second***, Plaintiff is a pro se litigant and not represented by counsel, yet he seeks to recover "attorneys' fees." Prayer for Relief, ¶¶ M, N. He is clearly not entitled to attorney's fees.

***Third***, Plaintiff seeks treble damages for "intentional knowing and willful violations" of the TCPA and the TBCC. *Id.*, ¶¶ C, D. Plaintiff does not plead any facts suggesting a knowing or willful violation occurred. He merely parrots the statutory text or applicable case law. *See* Dkt 13, ¶ 126 ("Plaintiff was further statutorily damaged because Defendants AOF and [Freedom] willfully or knowingly violated this subsection of the TCPA[.]"). Such allegations are insufficient to survive dismissal under Rule 12(b)(6). *See, e.g.*, *Canary v. Youngevity Int'l, Inc.*, 2019 WL 1275343, *9 (N.D. Cal. Mar. 20, 2019) (dismissing claim for alleged willful/knowing TCPA violations because it "consist[ed] of nothing more than bare-bones legal conclusions"); *Sterling v. Securus Techs., Inc.*, 2020 WL 2198095, *6 (D. Conn. May 6, 2020) (dismissing "claims of knowing and willful violations" because they were "based on legal conclusions, unsupported by further allegations"); *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015) ("[T]he bare assertion in [plaintiff's] complaint that the defendants 'willfully' and

'knowingly' violated the [TCPA] was a legal conclusion, not an allegation of fact that we must accept as true.").

***Fourth***, Counts I and II are premised on the exact same violations. *See* Dkt. 13, ¶¶ 124, 128–129. Plaintiff cannot recover damages under 47 U.S.C. § 227(b)(1)(A) and TBCC § 305.053 for the same violation. *See Busbee v. ServiceToday!*, 2024 WL 4428989, at *4 (N.D. Tex. Oct. 4, 2024) (disallowing double recovery under both statutes for same violation); *Masters v. Wells Fargo Bank S. Ctr., N.A.*, 2013 WL 3713492, at *3 (W.D. Tex. July 11, 2013) ("There is no indication in either the TCPA or in [Section 305.053] that either legislative body intended to allow double recovery under both state and federal law for the same TCPA violations.").

Therefore, at minimum, Court should strike these damages requests.

## V. CONCLUSION

For all of the reasons stated above, and as may be provided to the Court prior to its ruling hereon, this Court should enter an order dismissing Plaintiff's entire FAC (i.e., Counts I, II, and V) against Freedom with prejudice.

Date: October 1, 2026


/s/ Shirley Berlinda Rose
Shirley Berlinda Rose
Texas Bar No.: 24137167
**Scheef & Stone, LLP**
2600 Network Blvd., Suite 400
Frisco, TX 75034
Telephone: (214) 472-2100
Fax: (214) 472-2510
shirley.rose@solidcounsel.com

Alexandra N. Krasovec (admission to be requested)
Patrice S. Ruane (admission to be requested)
**Manatt, Phelps & Phillips, LLP**
2049 Century Park East, Suite 1700
Los Angeles, CA 90067

Telephone: (310) 312-4000
akrasovec@manatt.com
pruane@manatt.com

*Counsel for Defendant*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), I, Patrice S. Ruane, certify that I conferred via email with Plaintiff (pro se) regarding the bases on which this Motion rests and no resolution could be reached. Plaintiff indicated he would not confer via telephone. This Motion is therefore opposed.

*/s/ Patrice S. Ruane*
Patrice S. Ruane

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 1, 2026, a true and correct copy of the foregoing document will be served on Plaintiff by CM/ECF.

*/s/ Shirley Berlinda Rose*
Shirley Berlinda Rose