**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**PLANO DIVISION**

| | |
|---|---|
| Adean Hill Jr.,<br>Plaintiff,<br>v.<br><br>American One Financial, Inc.; Freedom Debt Relief LLC; and McCarthy Law PLC,<br><br>Defendants. | Case No.: 4:26-cv-00554-ALM-BD<br><br>**DEFENDANT MCCARTHY LAW PLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant McCarthy Law PLC ("McCarthy"), moves this Court to dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) and Rule 12(b)(1). McCarthy joins in the motion to dismiss Plaintiff's First Amended Complaint filed by Freedom Debt Relief LLC ("Freedom") (Doc. 19), and incorporates its arguments herein by reference. Only Counts Three, Four, and Five appear directed at McCarthy, for which McCarthy provides additional briefing as follows:

## STATEMENT OF THE ISSUES TO BE DECIDED

**Issue 1: Counts Three & Four (Tex. Bus. & Com. Code Ch. 302 — Lack of Private Right of Action)**

> Texas Business & Commerce Code § 302.302(c) authorizes only the Texas Attorney General to sue for statutory civil penalties. A private plaintiff may enforce Chapter 302 exclusively through the Texas Deceptive Trade Practices Act by, among other requirements, pleading consumer status, actual economic damages, and mandatory pre-suit notice. Because Plaintiff seeks $5,000 statutory civil penalties only under § 302.302 directly, without pleading a DTPA cause of action or satisfying its prerequisites, must Counts Three and Four be dismissed under Rule 12(b)(6)?

**Issue 2: Count Five (Tex. Gov't. Code § 82.0651 — Absence of Actionable Civil Barratry)**

> Tex. Gov't. Code § 82.0651(c) permits a cause of action for an individual who receives an uninvited, live communication to solicit professional legal employment. McCarthy never communicated with Plaintiff; the single outbound voicemail from an unknown party alleged solicitation of a personal loan rather than legal services; and then Plaintiff initiated a phone call in an ostensible effort to manufacture a claim. Should Plaintiff's claim for civil barratry against McCarthy be dismissed under Rule 12(b)(6)?

**Issue 3: Counts Three, Four, and Five (28 U.S.C. § 1367(c) — Lack of Subject Matter Jurisdiction)**

> Under 28 U.S.C. § 1367(c), a district court should decline to exercise supplemental jurisdiction when the state-law claims substantially predominate over federal claims, raise novel questions of state law, or when all anchor federal claims are dismissed. Plaintiff asserts only Texas state law claims against McCarthy, while his federal TCPA claim against the co-defendants is subject to dismissal under Rule 12(b)(6). If the Court declines to dismiss Counts Three, Four, and Five under Rule 12(b)(6), should this Court decline to exercise supplemental jurisdiction over the claims?

## MEMORANDUM

## I. Factual Background.

Plaintiff is a serial litigant who has filed over two dozen boilerplate telemarketing-related lawsuits across federal district courts in Texas over the past eighteen months. (Doc. 19 at 10). In this action, Plaintiff attempts to haul McCarthy into federal court stemming from a single voicemail message from an entity identifying itself as "Cherry Anderson" concerning an alleged personal "loan request" (Doc. 13 ¶¶ 50–51). The caller never mentioned McCarthy, never mentioned legal representation, and only mentioned loan options in response to a request received from Plaintiff. *Id.* Plaintiff concedes that

McCarthy does not offer loan services (Doc. 13 ¶ 55). Instead, Plaintiff himself placed a follow-up, inbound telephone call to an 844 number, spoke at length with "Andy from Lendy Loans" and "Daisy" at American One Financial Inc. ("AOF"). Plaintiff spent nearly **an hour and a half** on the phone with Daisy, voluntarily providing his debts, income, date of birth, and Social Security number (Doc. 13 ¶ 58 (placing call at 12:21 PM), ¶ 66 ("while still on the phone call" at 1:39 PM), ¶¶ 63–64).

Plaintiff does not allege that he ever communicated with, spoke to, received correspondence from, or retained McCarthy Law PLC. Plaintiff attempts to fill this void with speculative and specious allegations regarding the "attorney debt represenation [sic] solicitation industry," alleging out of whole cloth a scheme where attorneys deposit $50,000 into escrow accounts for telemarketers (Doc. 13 ¶¶ 77–82). Plaintiff alleges no facts demonstrating that McCarthy ever established such an account, paid anything to anyone, directed any alleged telephone calls, or otherwise authorized or was aware of them in any way.

The sole apparent reason Plaintiff named McCarthy in this case is an allegation that an unexecuted power of attorney form appears within a packet of information Plaintiff received after ostensibly requesting to sign up with AOF or Freedom during his hour and a half discussion. (Doc. 13 ¶ 71). Plaintiff never executed the document (Doc. 13 ¶ 67).

Based solely on that unexecuted attachment, Plaintiff manufactures three state-law causes of action against McCarthy: Purported failure to hold a Texas telephone solicitation registration certificate under Tex. Bus. & Com. Code § 302.101 (Count III, Doc. 13 ¶¶ 133–136); purported failure to disclose location information under Tex. Bus. & Com. Code

§ 302.202(1) (Count IV, Doc. 13 ¶¶ 137–140); and purported civil barratry under Tex. Gov't. Code § 82.0651 (Count V, Doc. 13 ¶¶ 141–154). Plaintiff does not assert Count I (TCPA, 47 U.S.C. § 227(b)) or Count II (Tex. Bus. & Com. Code § 305.053) against McCarthy (Doc. 13 at 17–18).

## II. Rule 12(b)(6) requires plausible factual allegations sufficient to state a claim.

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. While well-pled factual allegations are accepted as true, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Conclusory allegations, unwarranted factual deductions, and legal conclusions do not avoid dismissal. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).

## III. Tex. Bus. & Com. Code Chapter 302 does not provide a private right of action, and so Counts Three and Four must be dismissed under Rule 12(b)(6).

In Counts Three and Four, Plaintiff alleges claims under the Texas Telephone Solicitation Act, Tex. Bus. & Com. Code Chapter 302, for allegedly failing to hold a registration certificate (§ 302.101) and failing to provide location disclosures (§ 302.202(1)) (Doc. 13 ¶¶ 133–140). Both counts fail as a matter of law, because no private right of action exists for statutory civil penalties under Tex. Bus. & Com. Code § 302.302.

Plaintiff's sole claim for damages under both Counts Three and Four is for an award of "up to $5,000 in damages for each of one (1) such violation. Texas Business and Commerce Code 302.302(a)" (Doc. 13 ¶¶ 135, 139, Prayer E, F). Plaintiff lacks statutory

standing to assert these claims because § 302.302 does not provide a private right of action for civil penalties.

Section 302.302 provides:

> (a) A person who violates this chapter is subject to a civil penalty of not more than $5,000 for each violation. . . .
> **(c) The attorney general may bring an action to recover a civil penalty under this section.**

Tex. Bus. & Com. Code § 302.302(a), (c) (emphasis added).

The statute vests the authority to seek and recover the $5,000 civil penalty exclusively in the Texas Attorney General. Private litigants cannot bring an action under § 302.302 to recover civil penalties for themselves. Instead, the Texas Legislature enacted a separate, specific enforcement provision for private parties—the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code § 17.41 *et seq*. ("DTPA"). *See* Tex. Bus. & Com. Code § 302.303(a), (b) ("A violation of this chapter is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17. . . . A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce this chapter."). The exclusive private enforcement mechanism for an alleged violation of Chapter 302 is an action brought through the DTPA.

A claimant under any other law, such as Chapter 302, cannot automatically bring suit under the DTPA; instead, they must satisfy the essential elements of the DTPA independently. *Cushman v. GC Servs., LP*, 657 F. Supp. 2d 834, 845 (S.D. Tex. 2009). To maintain a private right of action under the DTPA, a plaintiff must (1) Plead and establish standing as a "consumer" who "seeks or acquires by purchase or lease, any goods or

services," Tex. Bus. & Com. Code § 17.45(4); (2) Plead that the prohibited conduct constituted a "producing cause of economic damages or damages for mental anguish," *id.* § 17.50(a); and (3) Serve a mandatory written notice setting forth the specific complaint and the amount of actual damages at least sixty days prior to filing suit, *id.* § 17.505(a).

Plaintiff has failed to plead a DTPA cause of action. Even construing his pro se pleading liberally, he has not alleged the essential elements of a DTPA claim. He has not alleged that he is a "consumer," has not alleged reliance or actual economic damages, and has not provided the mandatory sixty-day pre-suit statutory notice under § 17.505. Because § 302.302 does not create a private right of action, Counts Three and Four must be dismissed with prejudice.

Dismissal with prejudice is appropriate on these claims especially because there are no actual damages pled or that could be pled that would have been caused by any alleged failure to register as a seller, or from any alleged failure to disclose location information, which appear to be the only acts or omissions alleged upon which Counts III and IV are based.

## IV. Count Five (Tex. Gov't. Code § 82.0651 - Barratry) Must Be Dismissed Under Rule 12(b)(6), and so Count Five must be dismissed under Rule 12(b)(6).

For the reasons discussed in Freedom's motion to dismiss (Doc. 19 at 29-31), Count V should be dismissed. There are no facts pled that connect Freedom to the allegedly unwanted communication, and even further removed is any connection to McCarthy. There are likewise no facts pled that McCarthy engaged in solicitation or actual communication with Plaintiff. *Marine v. Hilliard Munoz Gonzales LLP*, No. 2:19-CV-

260, 2021 U.S. Dist. LEXIS 269300, at *9 (S.D. Tex. Mar. 30, 2021); *Nguyen v. Watts*, 605 S.W.3d 761, 776 (Tex. App. 2020). As well, the allegedly uninvited communication did not relate to legal services and the only live communication alleged was one initiated by Plaintiff. (Doc. 19 at 30-31).

Lastly, even if a solicitation were construed from the allegations, Plaintiff cannot plausibly allege that it did not follow from Plaintiff's own request. It is simply not plausible that an individual would spend over 78 minutes on the phone with someone, while providing personal identifying and financial information, if the solicitation were truly unwanted, or if the individual was not acting in bad faith. The only plausible conclusion is that Plaintiff—as he has evidently done numerous times to others—provided his number, pretended to be interested in the services offered when he called AOF, and then claimed he never did any of that in order to manufacture a lawsuit.

Plaintiff's claims should be dismissed with prejudice.

**V. Plaintiff lacks standing and therefore all of Plaintiff's claims should be dismissed under Rule 12(b)(1).**

For the reasons discussed in Freedom's motion to dismiss, Plaintiff lacks Article III standing. Standing must be established as to each claim against each individual defendant, and like Plaintiff's claims against Freedom, they are even more attenuated and specious as to McCarthy. (Doc. 19 at 31-32). Therefore, Plaintiff's claims should be dismissed.

In addition, Plaintiff's only claim subject to original, federal question jurisdiction under 28 U.S.C. § 1331 his TCPA claim (Count One) (Doc. 13 ¶ 6). Count One is not asserted against McCarthy, and fails on the merits as to all defendants. The Court may

decline to exercise supplemental jurisdiction over pendant state law claims when they substantially predominate over federal claims, raise novel or complex issues of state law, or when the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c).

The only claims asserted against McCarthy are Texas state law claims, which as discussed above, should be dismissed pursuant to Rule 12(b)(6). In the alternative, it is appropriate to dismiss these claims pursuant to Rule 12(b)(1), because they would predominate over the federal claim and because the federal claim should also be dismissed. *See Cunningham v. Radius Glob. Sols. LLC*, No. 4:20-CV-00294, 2021 U.S. Dist. LEXIS 103982, at *6 (E.D. Tex. June 3, 2021) (dismissing TCPA claims and declining supplemental jurisdiction over Texas state-law claims).

WHEREFORE, McCarthy respectfully requests that this Court dismiss Plaintiff's first amended complaint with prejudice.

Dated: October 30, 2026

*/s/ Joseph Panvini*
Joseph Panvini, Esq.
McCarthy Law, PLC
9200 E. Pima Center Pkwy. Ste. 300
Scottsdale, AZ 85258
Telephone: (602) 456-8900
Fax: (602) 218-4447
Joe.Panvini@mccarthylawyer.com
Attorney for McCarthy Law PLC

## CERTIFICATE OF SERVICE

I certify that on October 30, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants of record in this matter.

/s/ Joseph Panvini
Joseph Panvini